# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| **MEETRIX IP, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 6:21-cv-01288** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **ZOHO CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Meetrix IP, LLC ("Meetrix" or "Plaintiff"), by and through its attorneys, for its Complaint against Zoho Corporation ("Zoho" or "Defendant"), hereby alleges as follows:

### I.      NATURE OF THE ACTION

1.      This is a patent infringement action to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Plaintiff's patented inventions.

2.       Meetrix is owner of all right, title, and interest in and to United States Patent No. 8,339,997 (the "'997 Patent"), issued December 25, 2012, for "Media Based-Collaboration Using Mixed-Mode PSTN and Internet Networks."  A true and correct copy of the '997 Patent is attached hereto as **Exhibit A**.

3.      Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,094,525 (the "'525 Patent"), issued July 28, 2015, for "Audio-Video Multi-Participant Conference Systems Using PSTN and Internet Networks."  A true and correct copy of the '525 Patent is attached hereto as **Exhibit B**.

4.      Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,253,332 (the "'332 Patent"), issued February 2, 2016, for "Voice Conference Call Using PSTN and Internet Networks."  A true and correct copy of the '332 Patent is attached hereto as **Exhibit C**.

5.      Meetrix is owner of all right, title, and interest in and to United States Patent No. 9,843,612 (the "'612 Patent"), issued December 12, 2017, for "Voice Conference Call Using PSTN and Internet Networks."  A true and correct copy of the '612 Patent is attached hereto as **Exhibit D**.

6.      Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner, including its customers, who also directly infringe the '332 Patent, the '525 Patent, the '612 Patent and the '997 Patent (together, the "Patents-in-Suit").

7.      Plaintiff Meetrix seeks monetary damages and prejudgment interest for Defendant's infringement of the Patents-in-Suit.

## II.      THE PARTIES

8.      Plaintiff Meetrix IP, LLC is corporation organized and existing under the laws of the State of Texas.

9.      Defendant Zoho is a corporation organized under the laws of the State of California, with a principal place of business at 4708 Hwy 71 E, Del Valle, Texas 78617, and may be served through its registered agent, Rodrigo Vaca, 9390 Research Boulevard, Building II, Suite 440, Austin, Texas 78759.

## III.      JURISDICTION AND VENUE

10.      This is an action for patent infringement which arises under the Patent Laws of the

COMPLAINT FOR PATENT INFRINGEMENT

United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

11.     This Court has personal jurisdiction over Defendant because it has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum.  For example, Defendant has committed acts of infringement in this District, by among other things, offering to sell and selling products and services that infringe the asserted patents, including the accused devices and services as alleged herein.

12.     Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 139l (b), (c) and l400(b) because Defendant has committed acts within this judicial district giving rise to this action, and Defendant continues to conduct business in this judicial district, including one or more acts of selling, using, importing and/or offering for sale infringing products or providing service and support to Defendant's customers in this District.

## IV.     THE PATENTS-IN-SUIT

13.     The Patents-in-Suit disclose systems and methods of audio-video conferencing collaboration.  Generally, the '332 Patent discloses converging a public switched telephone network ("PSTN") communication with audio-video communications, as well as collaboration data, using a secure data network.  Generally, the '525 Patent discloses converging a PSTN communication with audio-video communications over a data network.  Generally, the '612 Patent discloses converging a PSTN communication with audio-video communications by dialing out to the established PSTN connection using a secure data network.  Finally, the '997 Patent discloses the provisioning of multiple secured network communications using multicast technology with at

COMPLAINT FOR PATENT INFRINGEMENT

least one PSTN communication.

14.     The Patents-in-Suit are directed to technological advancements in the area of telecommunications and network communications.  They overcome technical problems relating to the secure combination of disparate communication sources in a seamless and coordinated manner.

15.     Meetrix has obtained all substantial right and interest to the Patents-in-Suit, including the right to recover for all past and future infringements thereof.

## V.     DEFENDANT'S ACTS

16.     Defendant manufactures, provides, sells, offers for sale, and/or distributes infringing devices, including video conferencing products and services.  Such devices and services include, but are not limited to, Zoho Meeting and Zoho Webinar, and other substantially similar products and services.

17.     Based on information and belief, Defendant's infringing devices and services enable multi-participant audio/video conference calls over the Internet.  In simplest terms Zoho Meeting and Zoho Webinar facilitate online meetings, allowing users to connect via disparate formats, including a phone or computer, to share collaboration data over a secured private connection over the Internet.

18.     Specifically, with respect to claim 1 of the '332 Patent and '525 Patent and claim 10 of the '612 Patent, Zoho Meeting and Zoho Webinar allow a participant (*e.g.* phone participant) to participate and connect to an online meeting over a PSTN connection (e.g. "land line," cell phone, *etc.*).  Such a participant can then talk with a second participant (*e.g.* moderator or host) who may be connected using a different form of audio (and/or video) communication, such as VoIP or web conferencing communications.  It allows a third participant (*e.g.* remote user) to connect to the conference over a private secure data network connection using a data network for

COMPLAINT FOR PATENT INFRINGEMENT

audio/video communications and to share collaboration data (*e.g.* electronic presentation, electronic documents, *etc*.) with the other participants.

19.     Zoho's accused products combine different forms of communication such that the remote user can communicate with the phone participant (using PSTN) as well as the moderator communicating over a secure data network connection. Likewise, the system enables the phone participant to hear both the moderator and the remote audio communications by mixing the different audio signals. In this regard, the accused products infringe at least claim 1 of the '332 Patent and '525 Patent and claim 10 of the '612 Patent.

20.     Specifically, with regard to claim 1 of the '332 Patent, performance of all the steps are performed or attributable to Defendant, directly.  For example, as taught by claim 1 of the '332 Patent, Zoho Meeting and Zoho Webinar a) receive audio data from a PSTN network (*e.g.* when a participant dials in via phone), b) receive audio data from a moderator (*e.g.* VoIP call), c) receive audio, video and collaboration data from a remote client (*e.g.* web camera and screen sharing) via a VPN tunnel (as explained below), d) mix the first two audio data, e) transmit that mix to the remote user, f) mix the audio data from a moderator with that from the remote client, and g)

transmit that mix to the PSTN participant.

21.    Defendant highlights the features of its infringing products:



**Source:** https://www.zoho.com/meeting/.



**Source:** https://www.zoho.com/meeting/.

COMPLAINT FOR PATENT INFRINGEMENT

## Webinar Solution

### Broadcast video webinars

Host live **video webinars** and share multiple video feeds with your audience as you present. Share your screen, an application window, or another monitor's screen to support your presentation.

### Customize emails and forms

Customize registration forms, webinar emails, and moderate attendees. Persuade attendees to take action by directing them to any web page you want after a webinar.

### Interact with your audience

Launch audience polls, answer questions through Q&A, let attendees get your attention through Raise Hand and encourage them to speak and present *Allow to talk* and *Make presenter*.

### View webinar data and download reports

Get comprehensive reports on webinar registrations, attendees, engagement, polls, and Q&As. Download and document your data in XLS and CSV formats.



**Source:** https://www.zoho.com/meeting/.

# Using computer audio and phone audio for meetings and webinars



## Computer audio (VoIP or Voice over Internet Protocol)

You will need a set of built-in, attached, or wireless speakers and microphone to use computer audio for your meetings and webinars. A headset is recommended. Computer audio or VoIP is recommended when you have a good internet connection. If your internet connection is weak, phone audio is a good alternative.

To use computer audio, select **Computer audio** when you start or join an online meeting or webinar.

Learn how to enable video and microphone.

> ☐ **Note**
> Attendees of a webinar are muted by default, and can only listen to the presenter. In an online meeting, all participants can transmit and receive voice.

## Phone audio

If you have poor internet connectivity, you can join meetings and webinars through your phone using dial-in numbers. Presenters in the paid edition can also purchase toll-free numbers to let participants join sessions without incurring charges.

**Source:**https://help.zoho.com/portal/en/kb/meeting/user-guide/audio/computer-audio-and-phone-audio/articles/audio-transmission-for-online-meetings-and-webinars#Computer_audio_VoIP_or_Voice_over_Internet_Protocol

COMPLAINT FOR PATENT INFRINGEMENT

# What are local dial-in, toll-free, and premium toll numbers?



These are numbers that let you join online meetings and webinars through your phone. You can dial these numbers from your phone and connect to a webinar or a meeting on the go. However, they differ from each other in terms of payment and use, as detailed below.

**Local dial-in numbers**

These are local numbers that you and your participants can use at the normal call rates charged by mobile carrier services. Zoho Meeting provides local dial-in numbers for more than 40 countries around the world.  View Zoho Meeting dial-in numbers

**Toll-free numbers**

Using toll-free numbers, your participants can join meetings and webinars for free, without having to pay call charges. Zoho Meeting provides toll-free numbers for more than 25 countries around the world. View availability and rates of toll-free numbers.

**Premium toll numbers**

Premium toll numbers are special numbers procured by paying a license fee to the government as per the local law. Zoho Meeting provides premium toll numbers for five cities in India.

**Source**:https://help.zoho.com/portal/en/kb/meeting/faqs/general/dial-in-toll-free-and-premium-toll/articles/what-are-local-dial-in-toll-free-and-premium-toll-numbers#Local_dial-in_numbers.

# Easy screen sharing using Zoho Meeting

Share your screen with other participants in seconds. Collaborate on documents
to deliver presentations more efficiently.



## **Share** entire screen or app windows

Share your entire screen or only a select application window
with other participants. By sharing only an application
window, the rest of your screen—including the applications
you use, your desktop wallpaper, or any open browser tabs
—will not be visible to others in your meeting, thus you can
share screen online without worrying about your privacy.



## **Secure** remote screen sharing software

Online screen sharing is encrypted in Zoho Meeting, on both
the presenters' and participants' ends. On the presenter's
end, screen sharing is encrypted through WebRTC and uses
DTLS-SRTP encryption. On the participants' end, screen
sharing is encrypted using the TLS 1.2 protocol.



## **Record** screen sharing

In Zoho Meeting, screen sharing is captured in meeting
recordings along with the audio. This helps you recap your
meetings or easily catch up on the discussions you missed.
Recordings can be accessed only by the organizer of a
meeting or webinar and they can share it with others if
required.



## **Browser-based** screen sharing

Share your screen during online meetings and webinars
without downloading any software. As a web-based online
conferencing software, Zoho Meeting's easy to use "share
my screen" feature allows you to share screen online directly
from your browser. You can also share your screen from
mobile devices using the Zoho Meeting iOS app.

**Source:** https://www.zoho.com/meeting/screen-sharing.html.

COMPLAINT FOR PATENT INFRINGEMENT

## Lock meetings, mute, rename, and remove participants



Moderators initiate and set the tone of discussions, present ideas, encourage participants to speak, and regulate discussions to arrive at conclusions. In Zoho Meeting, the presenter of a meeting acts as the moderator. Moderator controls are features that help moderators conduct secure online meetings, move discussions in the right direction, minimize interruptions, and collaborate effectively to make decisions faster.

**Source:**https://help.zoho.com/portal/en/kb/meeting/user-guide/meetings/moderator-controls/articles/moderator-controls#Lock_meetings.

## How secure is Zoho Meeting?



Zoho Meeting is a secure space for hosting online meetings and confidential discussions. All transmissions are sent through SSL/128-bit AES encryption protocols, which is the industry standard security practice. This is the same standard used in online banking and payment transactions.

We are also US/EU Safe Harbor compliant. Zoho complies with the EU Safe Harbor framework as set forth by the Department of Commerce (USA). This applies to the collection, use, and retention of user data from the European Union. For more information, please read our privacy policy.

**Source:**https://help.zoho.com/portal/en/kb/meeting/faqs/general/how-secure-is-zoho-meeting/articles/how-secure-is-zoho-meeting.

## Between you and Zoho

Zoho has established strict policies to adapt the Transport Layer Security (TLS) to all its connections. TLS ensures a secure connection between you and Zoho Servers by allowing the authentication of both parties involved in the connection, and by encryption of data to be transferred. TLS protocol makes sure that no third parties may eavesdrop or tamper with communication between you and Zoho..

We follow the latest TLS protocol version 1.2/1.3 and use certificates issued by SHA 256 and ciphers (AES_CBC/AES_GCM 256 bit/128 bit keys for encryption, SHA2 for message authentication and ECDHE_RSA as the key exchange mechanism). We also implement perfect forward secrecy and enforce HTTPS Strict Transport Security (HSTS) across all sites.

**Source**:  https://www.zoho.com/encryption.html.

22.     Moreover, because Zoho Meeting and Zoho Webinar can initiate a dial-out process

COMPLAINT FOR PATENT INFRINGEMENT

to establish a connection with a PSTN client, they further infringe claim 10 of the '612 Patent.

23.     Additionally, Zoho Meeting and Zoho Webinar allow several online participants to connect to a conference by sending a message (*e.g.* invitation) to a group of multicast appliances (*e.g.* remote computers).  Each participant is connected to the online conference using a private secure connection.  The system is able to facilitate a telephonic participant who dials in, provides a conference ID and is then authenticated.  Once authenticated, the telephonic participant is able to communicate with the other online participants who are connected over a data network.  In this regard, Zoho Meeting and Zoho Webinar infringe at least claim 1 of the '997 Patent.

24.     Based on information and belief, Defendant Zoho has had knowledge of the Patents-in-Suit at least as early as the service of this Complaint or in the alternative was willfully blind of same.

25.     With knowledge of the Patents-in-Suit, Defendant intentionally provides services and instructions for the installation and infringing operation of infringing products and services (including, by way of example, the resources and materials available as cited in source information *supra* to the customers of its products), who directly infringe through the operation of those products and services.

26.     Through its actions, Defendant has infringed the Patents-in-Suit and actively promotes others to infringe the Patents-in-Suit throughout the United States, including by customers within the Western District of Texas.  On information and belief, Defendant induces its customers to infringe and contributes to the infringement of its customers by instructing or specifying that its customers operate Zoho Meeting and Zoho Webinar and other similar infringing products and services, in a manner as described above.  Defendant specifies that the infringing products operate in an infringing manner by providing manuals and customer support related to its

COMPLAINT FOR PATENT INFRINGEMENT

infringing products. Defendant's customers directly infringe the Patents-in-Suit by following Defendant's instructions and technical support to operate Zoho Meeting and Zoho Webinar and other similar infringing products and services. Further, Defendant provides products, software, and hardware components specially configured to operate in an infringing manner, and Defendant's customers use Defendant's configurations to operate Defendant's products in an infringing manner.

27.     Defendant, with knowledge of the Patents-in-Suit, contribute to the infringement of the Patents-in-Suit, by having its direct and indirect customers sell, offer for sale, use, or import Zoho Meeting and Zoho Webinar, as well as all other substantially similar products and services, with knowledge that such products and services infringe the Patents-in-Suit.  On information and belief, Defendant's accused devices and services are especially made or adapted for infringing the Patents-in-Suit and have no substantially non-infringing uses.  For example, Defendant's products and services contain the functionality to specifically allow a participant to connect to an online conference using a PSTN and communicate with other participants with data connections over a secured connection– functionality which is material to practicing the Patents-in-Suit.  Based on information and belief, this functionality has no substantially non-infringing uses.

28.     Meetrix has been damaged and will continue to suffer damages as a result of Defendant's infringing acts.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO.  8,339,997

29.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-28.

30.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '997 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and

articles infringing one or more claims of the '997 Patent.  Defendant is thus liable for direct infringement of the '997 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Zoho Meeting and Zoho Webinar.

31.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '997 Patent, including actively inducing infringement of the '997 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '997 Patent.  Defendant instructs its customers to make and use the patented inventions of the '997 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide provisioning of multiple secured network communications using multicast technology with at least one PSTN communication, as set forth above.

32.     Upon information and belief, Defendant has jointly infringed the '997 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

33.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '997 Patent, including contributorily

COMPLAINT FOR PATENT INFRINGEMENT

infringing the '997 Patent under 35 U.S.C. § 271(c). Contributory infringement includes without limitation, Defendant's offer to sell, a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '997 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide provisioning of multiple secured network communications using multicast technology with at least one PSTN communication, as set forth above.

34.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

**COUNT TWO**
**PATENT INFRINGEMENT—U.S. PATENT NO.  9,094,525**

35.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-34.

36.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '525 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '525 Patent.  Defendant is thus liable for direct infringement of the '525 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Zoho Meeting and Zoho Webinar.

37.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '525 Patent, including actively inducing infringement of the '525 Patent under 35 U.S.C. § 271(b).  Such inducements include without

limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '525 Patent.  Defendant instructs its customers to make and use the patented inventions of the '525 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide a converged public switched telephone network and audio-video communications over a data network, as set forth above.

38.     Upon information and belief, Defendant has jointly infringed the '525 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

39.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '525 Patent, including contributorily infringing the '525 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '525 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a

COMPLAINT FOR PATENT INFRINGEMENT

PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

40.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## COUNT THREE
## PATENT INFRINGEMENT—U.S. PATENT NO.  9,253,332

41.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1–40.

42.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '332 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '332 Patent.  Defendant is thus liable for direct infringement of the '332 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Zoho Meeting and Zoho Webinar.

43.     On information and belief, at least since its receipt of actual and constructive notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '332 Patent, including actively inducing infringement of the '332 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '332 Patent.  Defendant instructs its customers to make and use the patented inventions of the '332 Patent by operating its products and services in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth

above.

44.     Upon information and belief, Defendant has jointly infringed the '332 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

45.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 1 of the '332 Patent, including contributorily infringing the '332 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell a component of a product or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, and by which Defendant is aware or knows to be especially made or especially adapted for use in infringement. Defendant instructs its customers to make and use the patented inventions of the '332 Patent by operating its products in accordance with its instructions and specifications. Defendant specifically intends its customers to infringe by implementing its conference systems to provide converging a PSTN communication with audio-video communications, as well as collaboration data using a secure data network, as set forth above.

46.     Defendant's aforementioned acts have caused damage to Meetrix and will continue

to do so.

## COUNT FOUR
## PATENT INFRINGEMENT—U.S. PATENT NO.  9,843,612

47.     Plaintiff Meetrix realleges and incorporates herein paragraphs 1-46.

48.     Defendant, without authorization or license from Meetrix, has been and is presently directly infringing the '612 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using (including for testing purposes), selling and offering for sale methods and articles infringing one or more claims of the '612 Patent.  Defendant is thus liable for direct infringement of the '612 Patent pursuant to 35 U.S.C. § 271(a).  Exemplary infringing products include Zoho Meeting and Zoho Webinar.

49.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 10 of the '612 Patent, including actively inducing infringement of the '612 Patent under 35 U.S.C. § 271(b).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that Defendant knows or should know infringe one or more claims of the '612 Patent.  Defendant instructs its customers to make and use the patented inventions of the '612 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by implementing its conference systems to provide converged PSTN communications with audio-video communications by dialing out to establish the PSTN connection using a secure data network, as set forth above.

50.     Upon information and belief, Defendant has jointly infringed the '612 Patent, including by controlling and/or directing others to perform one or more of the claimed method

steps.  More specifically, as alleged above, all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant.

51.     On information and belief, at least since its receipt of notice and/or the filing of the Original Complaint, Defendant, without authorization or license from Meetrix, has been and is presently indirectly infringing at least claim 10 of the '612 Patent, including contributorily infringing the '612 Patent under 35 U.S.C. § 271(c).  Contributory infringement includes without limitation, Defendant's offer to sell, a component of a product, or apparatus for use in a process, that is material to practicing the invention, has no substantial non-infringing uses, by which Defendant is aware or knows to be especially made or especially adapted for use in an infringement of such.  Defendant instructs its customers to make and use the patented inventions of the '612 Patent by operating its products in accordance with its instructions and specifications.  Defendant specifically intends its customers to infringe by its conference systems to provide converged PSTN communications with audio-video communications by dialing out to establish the PSTN connection using a secure data network, as set forth above.

52.     Defendant's aforementioned acts have caused damage to Meetrix and will continue to do so.

## VI.     JURY DEMAND

53.     Plaintiff Meetrix hereby demands a jury on all issues so triable.

## VII.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff Meetrix respectfully requests that the Court:

A.     Enter judgment that Defendant infringes one or more claims of the

COMPLAINT FOR PATENT INFRINGEMENT

Patents-in-Suit literally and/or under the doctrine of equivalents;

B.    Award Plaintiff Meetrix past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of Patents-in-Suit in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284; and

C.    Award Plaintiff Meetrix its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

COMPLAINT FOR PATENT INFRINGEMENT

Dated:  December 10, 2021                    Respectfully submitted,

                                            By: /s/ *Andrew G. DiNovo*
                                            Andrew G. DiNovo
                                            Texas State Bar No. 00790594
                                            adinovo@dinovoprice.com
                                            Daniel L. Schmid
                                            Texas State Bar No. 24093118
                                            dschmid@dinovoprice.com
                                            **DiNovo Price LLP**
                                            7000 N. MoPac Expressway, Suite 350
                                            Austin, Texas 78731
                                            Telephone: (512) 539-2631
                                            Facsimile:  (512) 539-2627

                                            John D. Saba, Jr.
                                            Texas State Bar No. 24037415
                                            john@wittliffcutter.com
                                            **Wittliff Cutter PLLC**
                                            1209 Nueces
                                            Austin, Texas 78701
                                            Telephone: (512) 960-4388
                                            Facsimile: (512) 960-4869

COMPLAINT FOR PATENT INFRINGEMENT