**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| MEETRIX IP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZOHO CORPORATION<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:21-CV-01288-ADA |

**DEFENDANT ZOHO CORPORATION'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. BACKGROUND ........................................ 1

III. LEGAL STANDARDS ........................................ 3

IV. MEETRIX FAILS TO STATE A CLAIM FOR JOINT INFRINGEMENT ........................................ 4

V. MEETRIX FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT........................................ 6

VI. CONCLUSION........................................ 9

## TABLE OF AUTHORITIES

Cases

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934 (Fed. Cir. 2015) ........... 7

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014)........................................................................................... 4, 7

*Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015)..................... 5, 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 3

*Commil USA v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) ................................................................. 3

*De La Vega v. Microsoft Corp.*, No. W-19-cv-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ......................................................................................................................... 5

*Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357 (Fed. Cir. 2017) .......................... 4

*Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ............................................................................................................. 7

*Ikorongo Texas LLC v. LG Elecs. Inc. et al.*, No. 6:20-cv-257-ADA, Dkt. 78 (W.D. Tex. Mar. 31, 2021) ......................................................................................................................... 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) ............................................................................................................................... 4

*Iron Oak Techs., LLC v. Acer America Corp. et. al.*, No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ................................................................................... 8

*Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1-14-cv-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) ......................................................................... 3, 4, 7

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013)................ 6

*Lyda v. CBS Corp.*, 838 F.3d 1331 (Fed. Cir. 2016) .......................................................... 3, 4, 5

*Progme Corp. v. Comcast Cable Commun'cns LLC*, No. 17-1488, 2017 WL 5070723 (E.D. Pa. Nov. 3, 2017) .......... 6

*Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-cv-01175-ADA, Dkt. 62 (W.D. Tex. Jan. 31, 2022).......... 1

Statutes

35 U.S.C. § 271(b) .......... 2

35 U.S.C. § 271(c) .......... 2

Fed. R. Civ. P. 12(b)(6).......... 1

## I. INTRODUCTION

Meetrix's Complaint fails to allege plausible claims of joint infringement and indirect infringement. Pursuant to Fed. R. Civ. P. 12(b)(6), these claims should be dismissed.

First, for each of the four asserted patents, Meetrix includes boilerplate allegations of joint infringement. Meetrix alleges no facts demonstrating Zoho directs or controls unnamed "others" in performing one or more steps of the claimed methods. Nor does Meetrix allege facts to establish a relationship between Zoho and unnamed others that could plausibly reach the level of direction and control required to state a claim for joint infringement. Indeed, Meetrix fails to even identify the steps "others" perform.

Second, Meetrix's indirect infringement allegations fail because the Complaint includes no allegations of pre-filing notice and only conclusory recitations of the statutory elements. This Court and others have held that boilerplate allegations are insufficient to state claims for induced or contributory infringement. *See e.g., Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-CV-01175-ADA, Dkt. 62 at 7-9 (W.D. Tex. Jan. 31, 2022) (J. Albright). Accordingly, the Court should dismiss Meetrix's joint and indirect infringement claims.

## II. BACKGROUND

On December 10, 2021, Meetrix filed the Complaint against Zoho alleging infringement of U.S. Patent Nos. 8,339,997 ("'997 patent"), 9,094,525 ("'525 patent"), 9,253,332 ("'332 patent"), and 9,843,612 ("'612 Patent") (collectively, the "asserted patents"). Dkt. 1. The Complaint alleges that "Zoho Meeting and Zoho Webinar" directly infringe (*id.* at ¶¶ 30, 36, 42, 48), jointly infringe (*id.* at ¶¶ 32, 38, 44, 50), and indirectly infringe, both induced (*id.* at ¶¶ 31, 37, 43, 49) and contributory (*id.* at ¶¶ 33, 39, 45, 51) the asserted patents.

*Joint infringement allegations*. For each of the asserted patents, Meetrix alleges that "[u]pon information and belief, Defendant has jointly infringed the [the asserted patent], including by controlling and/or directing others to perform one or more of the claimed method steps." *Id*. at ¶¶ 32, 38, 44, 50. Meetrix then repeats for each patent the identical allegation: "all steps of the claimed method are performed and: (1) Defendant exercises the requisite direction or control over its initiators' and participants' performance; and (2) the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant." *Id*. However, Meetrix alleges no facts to support Zoho's alleged control or direction of others or the formation of a joint enterprise. Nor does Meetrix allege the steps performed by others.

*Indirect infringement allegations*. For indirect infringement, Meetrix proffers no allegations of pre-filing notice. *See* Dkt. 1 at ¶ 24 ("Based on information and belief, Defendant Zoho has had knowledge of the Patents-in-Suit at least as early as the service of this Complaint or in the alternative was willfully blind of same"). Instead, the Complaint largely recites the statutory elements for induced and contributory infringement under 35 U.S.C. § 271(b) and (c). *See* Dkt. 1 at ¶ 26 (referencing alleged instructions and asserting "[o]n information and belief, Defendant induces its customers to infringe and contributes to the infringement of its customers by instructing or specifying that its customers operate Zoho Meeting and Zoho Webinar and other similar infringing products and services, in a manner as described above."); *see also id*. at ¶ 27 (alleging Zoho contributes to infringement by its direct and indirect customers and that "[o]n information and belief, Defendant's accused devices are especially made or adapted for infringing the Patents-in-Suit, and have no substantially non-infringing uses."). Meetrix alleges no facts identifying how Zoho's purported instructions encourage the use of the accused products in an infringing manner or which specific components are at-issue.

## III. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy the plausibility standard, a plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). This obligation "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Pleadings that are "no more than conclusions" are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The plausibility requirement applies to claims for joint and indirect infringement. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) ("like claims of induced or contributory infringement, allegations of joint infringement require elements beyond those for the more typical act of direct infringement"); *Jao Control & Monitoring Sys., LLC v. Protect America, Inc.*, No. 1-14-cv-134-LY, 2015 WL 3513151, at *3 (W.D. Tex. Mar. 24, 2015) ("'the general principles of *Twombly* and *Iqbal* must be applied to indirect infringement claims.'") (citation omitted).

*Joint infringement*. To state a claim for joint infringement, a plaintiff must allege "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda*, 838 F.3d at 1339.

*Indirect Infringement.* Induced and contributory infringement "require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA v. Cisco Sys., Inc.*, 575 U.S. 632, 640 (2015). As to inducement, "[t]o survive [a] motion to dismiss . . . [Plaintiff's]

complaint must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [patent-in-suit] and knew that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "[M]ere knowledge of acts alleged to constitute infringement is not sufficient"; rather the plaintiff must show "specific intent and action to induce infringement." *Eli Lilly & Co. v. Teva Parenteral Meds., Inc.*, 845 F.3d 1357, 1368 (Fed. Cir. 2017) (citation omitted). This "demanding specific intent requirement for a finding of induced infringement" requires more than "unsubstantiated assertions." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014).

As to contributory infringement, "[a] complaint for contributory infringement must include facts supporting the plausibility of the following: (1) the defendant supplies a component that is a material part of a patented invention; (2) the defendant knows that the component is 'especially made or especially adapted for use in an infringement of such patent'; (3) the component is not a staple article or commodity suitable for noninfringing use; and (4) the component is ultimately used in a direct infringement of the patent." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-cv-134-LY, 2015 WL 3513151, at *5 (citing *In re Bill of Lading*, 681 F.3d at 1337).

## IV. MEETRIX FAILS TO STATE A CLAIM FOR JOINT INFRINGEMENT

Meetrix supplies no allegations to support a finding of joint infringement. To meet the *Twombly/Iqbal* pleading standard, the Complaint must plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction and control' over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda*, 838 F.3d at 1339 (applying *Akamai* to affirm 12(b)(6) dismissal). Meetrix's allegations

provide no facts to plausibly show that Zoho directed and controlled another to perform the steps of the claimed methods. Rather, Meetrix's joint infringement allegations are solely conclusory. *See* Dkt. 1 at ¶¶ 32, 38, 44, 50 (Zoho has "jointly infringed the [asserted patents], including by controlling and/or directing others to perform one or more of the claimed method steps . . . . [Zoho] exercises the requisite direction or control over its initiators' and participants' performance."). These allegations fall far short of establishing direction and control under *Akami*, and support no plausible inference that Zoho (1) "act[ed] through an agent (applying traditional agency principles)," (2) "contract[ed] with another to perform one or more steps of a claimed method," or (3) "condition[ed] participation in an activity on receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015).

In *Lyda*, the Federal Circuit rejected the joint infringement claim as pled because the plaintiff did "not set forth any factual allegations in support of his assertion that CBS Interactive directed or controlled the independent contractors" and did not "contain factual allegations relating to how the independent contractors directed or controlled the unnamed third parties." *Lyda*, 838 F.3d at 1340. As in *Lyda*, here, the "Complaint does not allege any relationship between the Defendants and the unnamed third parties . . . in a way that the actions of these unnamed third parties should be attributed to Defendants." *Id*. There are simply no alleged facts regarding Zoho's purported relationships with the generically identified "others," "initiators," and "participants" (Dkt. 1 at ¶¶ 32, 38, 44, 50) that could plausibly establish that Zoho directs or controls their actions in performing steps of the claimed methods. *See De La Vega v. Microsoft Corp.*, No. W-19-cv-00612-ADA, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (J. Albright) (granting defendant's motion to dismiss plaintiff's joint infringements claims because

the Complaint fails . . . to allege any facts in support of [direction, control, or joint enterprise]"); *see also Progme Corp. v. Comcast Cable Commun'cns LLC*, No. 17-1488, 2017 WL 5070723, at *10 (E.D. Pa. Nov. 3, 2017) (rejecting allegations of direction and control in which plaintiff identified the parties and steps, but did not plead facts showing that "conditions require Comcast to direct NBCU's encoding and transmission practices" as required for the claimed method).

Meetrix's allegations regarding the formation of a joint enterprise are similarly deficient. The allegations are limited to the following: "the initiators and participants in Defendant's conferences form a joint enterprise such that performance of every step is attributable to Defendant." Dkt. 1 at ¶¶ 32, 38, 44, 50. As such, there are no allegations that remotely support a finding of a joint enterprise under *Akam*i, *i.e.*, "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control"). *Akamai*, 797 F.3d at 1023.

Meetrix also fails to identify the steps allegedly performed by "others". *See* Dkt. 1 at ¶¶ 32, 38, 44, 50. Zoho should not be forced to speculate to fairly respond to Meetrix's Complaint. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) (a complaint must place the "potential infringer . . . on notice of what activity or device is being accused of infringement."). Accordingly, the Court should dismiss Meetrix's joint infringement claims.

## V. MEETRIX FAILS TO STATE A CLAIM FOR INDIRECT INFRINGEMENT

Meetrix's induced and contributory infringement allegations are likewise insufficient. Notably, Meetrix includes no allegations of pre-suit notice, but instead asserts Zoho had "knowledge of the Patents-in-Suit at least as early as the service of this Complaint." *See* Dkt. 1 at ¶ 24. Therefore, any claim for pre-suit indirect infringement should be dismissed.

Specifically, for inducement, Meetrix has alleged no facts to "plausibly show that the defendant has specific intent to cause another party's direct infringement and knew that the other party's acts constituted infringement." *Jao Control & Monitoring Sys.*, 2015 WL 3513151, at *5 (citation omitted). Meetrix's cursory reference to alleged instructions for "infringing products" and reciting the statutory requirements for inducement without supporting facts (*see* Dkt. 1 at ¶¶ 25, 26), is not sufficient to support a finding of inducement. An inducement claim cannot "simply recite[] the legal conclusion that Defendants acted with specific intent." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015); *see also Ikorongo Texas LLC v. LG Elecs. Inc. et al.*, No. 6:20-cv-257-ADA, Dkt. 78 (W.D. Tex. Mar. 31, 2021) (dismissing indirect infringement claims when plaintiff simply alleged defendant "provid[es] instructions on how to use its products and/or services in a manner or configuration that infringes one or more claims of the [Asserted Patents], including those found at www.LG.com and in product literature."); *Affinity Labs*, 2014 WL 2892285, at *7 ("Plaintiff[']s generalized allegation that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are likewise insufficient."); *Traxcell Techs., LLC*, No. 6:20-cv-01175-ADA, Dkt. 62 at 7 ("Instructing others to perform an action 'such to cause infringement' does not plead the intent required by law."); *Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("[T]he complaint only states bald conclusions that an end user following YouTube instructions results in infringement . . . . In no way does the complaint detail *how* an end user would infringe Hypermedia's patents by following instructions in the links provided in the complaint.").

The lack of specificity is especially apparent where, as here, there are several asserted patents and the inducement allegations are "exceedingly broad." *Jao Control & Monitoring Sys.*, 2015 WL 3513151, at *5. As such, "reliance on conclusory statements that merely mirror the

elements of the cause of action" is not enough to plead induced infringement." *Id.*; *see also Iron Oak Techs., LLC v. Acer America Corp. et. al.*, No. 6:17-cv-00143-RP-JCM, 2017 WL 9477677, at *5-6 (W.D. Tex. Nov. 28, 2017) (recommending dismissal of inducement claim because the plaintiff did "not allege sufficient facts to support a plausible inference that Acer had the specific intent to induce its customers to infringe" and instead relied on "conclusory allegations, or legal conclusions masquerading as factual conclusions"). Thus, Meetrix's induced infringement claims should be dismissed.

Meetrix's contributory infringement allegations are just as conclusory and devoid of alleged facts. *See* Dkt. 1 at ¶ 27. Meetrix alleges in generic terms that Zoho "contributes" to infringement by its "direct and indirect customers" and that "[o]n information and belief, Defendant's accused devices and services are especially made or adapted for infringing the Patents-in-Suit, and have no substantially non-infringing uses." *Id*. Notably, "Meetrix "fails to identify any specific component . . . , fails to allege that any identified component is a material part of the invention, and fails to allege that any identified component has no substantial noninfringing uses." *Traxcell Techs., LLC*, No. 6:20-cv-01175-ADA, Dkt. 62 at 8. These critical omissions cannot satisfy the pleading requirements. *See BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *9 (W.D. Tex. Feb. 1, 2022) (J. Albright) (finding plaintiff had not sufficiently pleaded contributory infringement because plaintiff "has made no attempt to focus its contributory infringement allegations on any specific components or functions in the [accused products]" and "offers nothing to support [its] contention" that the accused products "have no substantial noninfringing uses"); *see also Iron Oak Techs.*, 2017 WL 9477677, at *7 (recommending dismissal of "threadbare" contributory infringement claims that failed to show "enough factual matter"). Thus, the Court should dismiss Meetrix's contributory infringement claims.

## VI. CONCLUSION

For the foregoing reasons, Zoho respectfully requests that the Court dismiss Meetrix's claims for joint and indirect infringement.

Date: March 8, 2022

*/s/ Darryl J. Adams*

Darryl J. Adams (TX Bar No. 00796101)
dadams@sgbfirm.com
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
Telephone: 512.402.3550
Fax: 512.402.6865

Ryan J. Marton (*Pro Hac Vice* pending)
ryan@martonribera.com
Hector J. Ribera (*Pro Hac Vice* to be filed)
hector@martonribera.com
Carolyn Chang (*Pro Hac Vice* pending)
carolyn@martonribera.com
Phillip Haack (*Pro Hac Vice* pending)
phaack@martonribera.com
**MARTON RIBERA SCHUMANN & CHANG LLP**
548 Market St., Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2515

*Attorneys for Defendant Zoho Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being served on the counsel of record via the CM/ECF system on March 8, 2022.

*/s/ Darryl J. Adams*
Darryl J. Adams