IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MEETRIX IP, LLC,** | § § § | |
| *Plaintiff*, | § § | CASE NO. 6:21-cv-01288-ADA |
| v. | § § | JURY TRIAL DEMANDED |
| **ZOHO CORPORATION,** | § § § | |
| *Defendant.* | § | |

**AGREED SCHEDULING ORDER**

| Default Deadline | Proposed Date | Item |
|---|---|---|
| 8 weeks after receiving or waiving service of complaint or 3 weeks after the CMC, whichever is later. | 04/19/22 | Deadline to file a motion for inter-district transfer.  After this deadline, movants must seek leave of Court and show good cause for the delay. |
| 7 days before CMC | 03/22/22 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found.  Plaintiff shall also identify the earliest priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| 2 weeks after CMC | 04/12/22 | The Parties shall submit an agreed Scheduling Order.  If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree.  Absent agreement of the parties, the Plaintiff shall be |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.  Any amendment to add claims requires leave of court so that the Court can address any scheduling issues.

1

| | | |
|---|---|---|
| | | responsible for the timely submission of this and other Joint filings. |
| 7 weeks after CMC | 05/17/22 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101.  Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9 weeks after CMC | 05/31/22 | Parties exchange claim terms for construction. |
| 11 weeks after CMC | 06/14/22 | Parties exchange proposed claim constructions. |
| 12 weeks after CMC | 06/21/22 | Parties disclose extrinsic evidence.  The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness.  With respect to any expert identified, the parties shall also identify the scope of the topics for the witness's expected testimony.[2]  With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 13 weeks after CMC | 06/28/22 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| 14 weeks after CMC | 07/05/22 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 17 weeks after CMC | 07/26/22 | Plaintiff files Responsive claim construction brief. |
| 19 weeks after CMC | 08/09/22 | Defendant files Reply claim construction brief. |
| 19 weeks after CMC | 08/09/22 | Parties to jointly email the law clerks (txwdml_lawclerks_wa_judgealbright@txwd.uscourts.gov) to confirm their *Markman* date. |
| 21 weeks after CMC | 08/23/22 | Plaintiff files a Sur-Reply claim construction brief. |
| 3 business days after submission of sur-reply | 08/26/22 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy. *See* General Issues Note #7 regarding providing copies of |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | | |
|---|---|---|
| | | the briefing to the Court and the technical advisor (if appointed). |
| 22 weeks after CMC (but at least 10 days before *Markman* hearing) | 08/30/22 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| 23 weeks after CMC (or as soon as practicable)[3] | 09/06/22 (or as soon as practicable) | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| 1 business day after *Markman* hearing | 09/07/22 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after *Markman* hearing | 10/18/22 | Deadline to add parties |
| 8 weeks after *Markman* hearing | 11/01/22 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after *Markman* hearing | 12/27/22 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after *Markman* | 03/07/23 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after *Markman* hearing | 04/04/23 | Close of Fact Discovery |
| 31 weeks after *Markman* hearing | 04/11/23 | Opening Expert Reports |
| 35 weeks after *Markman* hearing | 05/09/23 | Rebuttal Expert Reports |
| 38 weeks after *Markman* hearing | 05/30/23 | Close of Expert Discovery |
| 39 weeks after *Markman* hearing | 06/06/23 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact |

---

[3] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

| | | |
|---|---|---|
| | | the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after *Markman* hearing | 06/13/23 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>*See* General Issues Note #7 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 42 weeks after *Markman* hearing | 06/27/23 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 44 weeks after *Markman* hearing | 07/11/23 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after *Markman* hearing | 07/18/23 | Serve objections to rebuttal disclosures; file Motions *in limine*. |
| 46 weeks after *Markman* hearing | 07/25/23 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| 47 weeks after *Markman* hearing | 08/01/23 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with eh Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 8 weeks before trial | 07/11/23 | Parties to jointly email the Court's law clerk (txwdml_lawclerks_wa_judgealbright@txwd.uscourts.gov) to confirm their pretrial conference and trial dates. |
| 3 business days before Final Pretrial Conference | 08/10/23 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 49 weeks after *Markman* hearing (or as soon as practicable) | 08/15/23 (or as soon as practicable) | Final Pretrial Conference. Held in person unless otherwise requested. |
| 52 weeks after *Markman* hearing (or as soon as practicable)[4] | 09/05/23 (or as soon as practicable) | Jury Selection/Trial. |

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

ORDERED this 18th day of April, 2022.

                                                THE HONORABLE ALAN D ALBRIGHT
                                                UNITED STATES DISTRICT JUDGE